ADMINISTRATORS OF STEVENSON, appellants, *and* SIMEON A. PHILLIPS, appellee.

The Orphans Court cannot open the final account of executors or administrators except for fraud or mistake.

Where an account is opened to correct an alleged mistake in any particular item or items, the whole account is not thereby thrown open for review.

---

*S. R. Hamilton*, for appellants.

*J. P. Stockton* and *W. Halsted*, for respondents.

THE ORDINARY. The only dispute between these parties now is as to the allowance of commissions. The estate has been settled. The respondent, Simeon W. Phillips, is entitled, in right of his wife, to the residue of the estate remaining after the payment of commissions. The whole of the residue of the estate is now in the hands of the respondent, except the sum of eighty-three dollars, which is in the hands of the appellants.

To determine what the court ought to do in regard to these commissions, it is necessary to look briefly at the history of the case in this and in the Orphans Court.

In June term, 1850, the final decree of the Orphans Court was reversed by this court. The decree of this court declares, that the account, as stated and passed by the Orphans Court, is manifestly erroneous in many respects, and that the same be set aside. It orders the same to be restated, and for that purpose refers the same to Caleb S. Green, esq., one of the masters.

This order does not correspond with the opinion of the Ordinary, to be found in 4 *Halst. Ch. Rep.* 593, but is in accordance with a manuscript opinion, which is before me, which declares that the accounts must be restated and settled in this court.

The master restated the accounts, and among other things reported, that in the allowance of commissions, the same al-

lowance should be made, and in the same proportion as was made by the Orphans Court, at the term of August, 1843, to wit, to the appellants the sum of $461.47, and to the respondent the sum of $577.50.

The master has reported the evidence which has brought him to this conclusion, and upon a review of it, my own judgment corresponds with that of the master.

I think, too, in looking at the proceedings in the Orphans Court, they show a propriety in permitting the commissions to stand according to the first determination of that court in reference to them.

In the term of May, 1843, of the Orphans Court of the county of Hunterdon, the final account was passed, and an allowance was made to the appellants for commissions of $461.47, and to the respondents of $577.50.

In the term of January, 1844, an application was made, by some party interested, to set aside the account for fraud and mistake. No mistake or fraud was specifically pointed out, and yet the court opened the accounts; and the only alteration they made was respecting the commissions. An allowance was made to the appellants of $230.73, instead of $461.47, and an allowance to the respondent of $808.23, instead of $577.50.

Upon *certiorari* to the Supreme Court, the decree of the Orphans Court, opening the accounts and changing the commissions, was reversed, and thus the account was restored as it was in 1843.

After this decision of the Supreme Court, at the term of November, 1847, of the Orphans Court, an application was made to that court to open the account as stated in 1843, on the ground of alleged mistakes in the following particulars —in allowing to the executors the sum of $3000, and also in the distribution of commissions.

The court opened the account, and altered the account as to the allowance of the $3000 in a mere matter of form; and then the court altered the commissions without any proof of a mistake or any mistake being apparent on the

face of the account. They struck out of the account the commissions of $461.47 allowed the appellants, and in place of that sum allowed $361.47, which sum they ordered to be divided between the appellants and respondents, thus giving the appellants the sum of $180.73½ only.

We have, then, the Orphans Court passing a final account, in May term, 1843, allowing the appellants commissions of $461.47. In January, 1844, without any apparent reason, the court change the allowance to $230.73; and when the commissions are restored by the judgment of the Supreme Court to the original sum allowed, then the Orphans Court, upon a mere allegation of mistake as to these accounts, but without such mistake being proved, or being in any way made apparent or probable, the court cut down the commissions of the appellants to $180.73.

The Orphans Court had no right to alter the amount of commissions after the final account had been passed, unless some fraud or mistake was shown with regard to them. And if there was a mistake as to the $3000, and the accounts were opened to correct that mistake, that did not authorize the court to alter the commissions, except so far as their amount depended upon the allowance or disallowance of the $3000. This would be incidental to the variation made in the sum upon which commissions were charged. But it is not pretended that any such principle governed the court. If the $3000 was properly struck from the allowance account, the commissions allowed to the appellants on that amount being only $75, that sum was the proper deduction to be made; and yet they reduce the commissions of the appellants upwards of $280, and deduct nothing from the commissions allowed to the respondent.

The fact is too apparent to be concealed, that the alleged mistake of $3000 was made use of in order to enable the court to reach the matter of commissions. The court is prohibited, by the statute, from opening the account, except for fraud or mistake. But when an account is opened to correct an alleged mistake in any particular item or items, the whole

account is not thereby thrown open for review. The court is confined to the alleged mistake, and to such matters in the account, an alteration of which is incidental to a correction of the mistake.

An allowance of commissions must be made in conformity to the report made by the master.